FILED
CLERK, U.S. DISTRICT COURT
AUG 14 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SERGIO LOPEZ-HERNANDEZ,<br>Defendant. | Case No. 26-MJ-3240<br>ORDER OF DETENTION |

I.

On August 10, 2026, Defendant Sergio Lopez-Hernandez, assisted by a Spanish language interpreter, made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Rebecca Abel was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Chris Balut. At Defendant's request, a detention hearing was continued to August 14, 2026 and held on that date.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive,

or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the arguments of counsel, and the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ No legal status in the United States, citizen of Mexico, with history of removals from the United States in 1997 and 2004.

☒ background information partially verified; inconsistent information regarding residence and Defendant's parents' residence.

☒ no bail resources

☒ family ties to Mexico, including minor children

☒ multiple name variations and three different dates of birth

As to danger to the community:

☒ criminal history includes recent law enforcement contacts for exhibiting dangerous weapon, Defendant is currently on probation possibly due a mental health diversion, and dated criminal history includes a 2002 conviction for providing false identification to a peace officer.

☒ history of and current substance abuse

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: August 14, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE